EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
ANYA M. BINSACCA
Supervising Deputy Attorney General
AMANDA J. MURRAY, State Bar No. 223829
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5741
 Fax: (415) 703-5843
 Email: Amanda.Murray@doj.ca.gov

Attorneys for Respondent Warden

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA MERLE RONNIE JOHNSON,<br><br>            Petitioner,<br><br>     v.<br><br>ROSANNE CAMPBELL, Warden,<br><br>            Respondent. | C 07-2921 JSW<br><br>**RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:   The Honorable<br>             Jeffrey S. White |

**TO PETITIONER LA MERLE RONNIE JOHNSON, IN PRO PER:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 2254 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, Respondent[1] moves the Court for an order dismissing the above-entitled action on the ground that Petitioner La Merle Ronnie

---

1. The proper respondent in this action is Acting Warden Richard Subia, not Rosanne Campbell. *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (holding that the warden where the petitioner is incarcerated is the proper respondent); Rule 2(a), 28 U.S.C. § 2254. Moreover, because the actions complained of in Johnson's petition concern a parole consideration hearing, the Board of Parole Hearings is used interchangeably with Respondent in this Motion to Dismiss and supporting Memorandum of Points and Authorities.

Johnson did not exhaust his state court remedies. This motion is based on the notice and motion; the supporting memorandum of points and authorities and exhibits; and the pleadings, records, and files in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

This is a federal habeas corpus action brought by Petitioner La Merle Ronnie Johnson, a California state prisoner. Johnson is lawfully in the custody of the California Department of Corrections and Rehabilitation (CDCR) following his conviction for robbery, assault with a deadly weapon, and kidnaping. (Ex. A, Abstract of Judgment.) He was sentenced to an indeterminate sentence of life, plus eleven years. (*Id.*) Williams challenges the Board's March 22, 2006 decision denying him parole. (*See generally*, Pet.) This Court should dismiss the petition because Williams failed to exhaust his state court remedies.

### ARGUMENT

**JOHNSON'S HABEAS PETITION SHOULD BE DISMISSED BECAUSE HE FAILED TO EXHAUST STATE COURT REMEDIES BEFORE FILING HIS FEDERAL HABEAS CORPUS PETITION.**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all federal petitions for writs of habeas corpus filed on or after its April 24, 1996 effective date. *Lindh v. Murphy*, 521 U.S. 320, 322-323, 326 (1997). Accordingly, AEDPA applies to this petition.

Under AEDPA, a petition for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court cannot be granted unless the prisoner has exhausted the remedies available in the state courts. 28 U.S.C. § 2254(b)(1)(A); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (a state inmate must properly exhaust available state court remedies before a federal court may consider granting habeas corpus relief). If one or more claims in the federal petition have not been exhausted, the district court must dismiss the petition. *Pliler v. Ford*, 542 U.S. 225, 227 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)). This rule provides the state courts a full and fair opportunity to resolve federal constitutional claims before they are presented to the federal court, thus "protect[ing] the state courts' role in the enforcement of federal law." *Rose*, 455 U.S. at 518.

1   It is the petitioner's burden to prove he has exhausted his state court remedies before filing his federal habeas petition. *Williams v. Craven*, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam). "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it [citations] . . . or (2) he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). In California, a petitioner exhausts his federal claim by fairly presenting it to the California Supreme Court. *Kim v. Villalobos*, 799 F.2d 1317, 1318 (9th Cir. 1986). Finally, a petitioner has not exhausted the available state court remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Here, contrary to Johnson's assertion (Petn. at 4-5), there is no evidence that he presented his claims challenging the Board's 2006 decision denying him parole to the California Supreme Court before seeking federal habeas relief. (Ex. B) Thus, the claims in his federal petition are unexhausted.

Further, Johnson is not precluded from exhausting his state court remedies because he could either file a habeas corpus petition in the proper California superior court or he could proceed directly to the California Supreme Court, which has original jurisdiction to review petitions for writs of habeas corpus. Cal. Const. art. VI, § 10. Accordingly, Johnson can still file a habeas petition in the California Supreme Court alleging his unexhausted claims. Because Johnson has not "reach[ed] the point where he has no state remedies available to him," *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003), the petition must be dismissed.

//
//
//
//
//
//
//
//

Resp't's Not. of Mot. & Mot. to Dismiss; Supporting Mem. of P. & A.          *Johnson v. Campbell*
                                                                              C 07-2921 JSW

## CONCLUSION

Johnson did not present his claims challenging his 2006 parole denial to the California Supreme Court. Therefore, this Court must dismiss this petition because it Johnson failed to exhaust his claims.[2]

Dated: December 13, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

AMANDA J. MURRAY
Deputy Attorney General
Attorneys for Respondent

40196863.wpd
SF2007200874

---

2. If this Court denies Respondent's Motion to Dismiss, Respondent respectfully requests that Johnson provide Respondent with the exhibits allegedly attached to his Petition. Johnson refers to, but does not attach, several exhibits to his Petition. However, none of these exhibits appear to relate to Johnson's alleged exhaustion of his state court remedies.

Resp't's Not. of Mot. & Mot. to Dismiss; Supporting Mem. of P. & A.

*Johnson v. Campbell*
C 07-2921 JSW

4

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Johnson v. Campbell**

No.:   **C 07-2921 JSW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **December 13, 2007**, I served the attached

### RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**La Merle R. Johnson, J-92682**
**Mule Creek State Prison**
**(C14-245L)**
**P.O. Box 409060**
**Ione, CA 95640-9060**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **December 13, 2007**, at San Francisco, California.

|  |  |
|---|---|
| M.M. Argarin | *(signature)* |
| Declarant | Signature |

40197089.wpd