1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  AMANDA J. MURRAY, State Bar No. 223829
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone:  (415) 703-5741
     Fax:  (415) 703-5843
8    Email:  Amanda.Murray@doj.ca.gov

9  Attorneys for Respondent Warden

10

11              IN THE UNITED STATES DISTRICT COURT

12           FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14  **LA MERLE RONNIE JOHNSON,**                    C 07-2921 JSW

15                                  Petitioner,    **ANSWER TO PETITION FOR WRIT
                                                   OF HABEAS CORPUS;
16                 **v.**                           MEMORANDUM OF POINTS AND
                                                   AUTHORITIES**
17  **ROSANNE CAMPBELL, Warden,**
                                                   Judge:          The Honorable
18                                  Respondent.                     Jeffrey S. White

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF CONTENTS

2

**Page**

3  MEMORANDUM OF POINTS AND AUTHORITIES                                     6

4      INTRODUCTION                                                          6

5      ARGUMENT                                                              7

6          THE STATE COURTS' ADJUDICATION OF JOHNSON'S CLAIMS WAS
           NEITHER CONTRARY TO, NOR INVOLVED AN UNREASONABLE
7          APPLICATION OF, CLEARLY ESTABLISHED FEDERAL LAW, NOR WAS
           IT BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS.       7

8
               A.   The Standard of Review for Federal Habeas
9                   Petitions Brought by State Prisoners Is Highly
                    Deferential to the State-Courts' Rulings.             7
10
               B.   Johnson's Petition Should Be Denied Because He Received All
11                  Process Due:  an Opportunity to Be Heard and an Explanation for
                    the Parole Denial.                                    8
12
               C.   The Some-Evidence Standard of Review Is Not Clearly Established
13                  Federal Law by the United States Supreme Court for Challenging
                    Parole Denials.                                       8
14
               D.   Johnson's Petition Should Be Denied Because There Is Some
15                  Evidence Supporting the Board's Decision and — as Required by
                    AEDPA — the State Court Decision Upholding the Board's Parole
16                  Denial Is Based on a Reasonable Application of the Facts in Light
                    of the Evidence Presented.                            11
17
               E.   No Clearly Established United States Supreme Court Law Precludes the
18                  State Courts from Upholding the Board's Reliance on Johnson's
                    Commitment Offense to Deny Him Parole.                13
19
               F.   Johnson Cannot Demonstrate that the State Court Unreasonably
20                  Rejected His Remaining Claims or Acted Contrary to United States
                    Supreme Court Law.                                    14
21
                    1.   Johnson's argument that the Board has an underground policy
22                       of denying parole during an inmate's initial parole
                         consideration hearing is irrelevant because the Board made
23                       specific findings justifying its decision.       14

24                  2.   There is no evidence that the district attorney opposed
                         Johnson's parole based on a conflict of interest or unreasonable
25                       bias.                                            15

26  CONCLUSION                                                            16

27

28

1

**TABLE OF AUTHORITIES**

2

**Page**

3

**Cases**

4

*Avila v. Galaza*
297 F.3d 911 (9th Cir. 2002)                                                        8

5

*Benny v. U.S. Parole Comm'n*
6   295 F.3d 977 (9th Cir. 2002)                                              6

7

*Biggs v. Terhune*
334 F.3d. 910 (9th Cir. 2003)                                                      13

8

*Carey v. Musladin*
9   __ U.S. __, 127 S. Ct. 649 (2006)                                      5, 8-10, 13

10

*Cook v. Schriro*
__ F.3d __, 2008 WL 441825 *1, *10 (9th Cir. 2008)                                 10

11

*Early v. Packer*
12   573 U.S. 3 (2002)                                                         7

13

*Foote v. Del Papa*
492 F.3d 1026 (9th Cir. 2007)                                                      10

14

*Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*
15   442 U.S. 1 (1979)                                                 3, 5, 8, 11, 12

16

*Gutierrez v. Griggs*
695 F.2d 1195 (1983)                                                              14

17

*Hayward v. Marshall*
18   512 F.3d 536 (9th Cir. 2007)                                             13

19

*In re Dannenberg*
34 Cal. 4th 1061 (2005)                                                       5, 13, 15

20

*In re Rosenkrantz*
21   29 Cal.4th 616 (2002)                                                     6

22

*Irons v. Carey*
505 F.3d 846 (9th Cir. 2007)                                                  5, 11, 13

23

*Juan H. v. Allen*
24   408 F.3d 1262 (9th Cir. 2005)                                            11

25

*Locke v. Cattell*
476 F.3d 46 (9th Cir. 2007)                                                       10

26

*Lockyer v. Andrade*
27   538 U.S. 63 (2003)                                                        7

28

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.                  *Johnson v. Campbell*
C 07-2921 JSW

**TABLE OF AUTHORITIES  (continued)**

Page

*Maynard v. Cartwright*
486 U.S. 356 (1988) .................................................................. 8

*Middleton v. Cupp*
768 F.2d 1083 (9th Cir. 1985) ............................................. 14, 15

*Miranda v. Arizona*
384 U.S. 436 (1966) .................................................................. 10

*Nguyen v. Garcia*
477 F.3d 716 (9th Cir. 2007) .................................................. 10

*O'Sullivan v. Boerckel*
526 U.S. 838 (1999) .................................................................. 4

*Plumlee v. Masto*
512 F.3d 1204 (9th Cir. 2008) ............................................. 7, 13

*Pulley v. Harris*
465 U.S. 37 (1984) ............................................................... 14, 15

*Rose v. Hodges*
423 U.S. 19 (1975) .................................................................. 14

*Sandin v. Connor*
515 U.S. 472 (1995) .................................................................. 5

*Sass v. Cal. Bd. Prison Terms*
461 F.3d 1123 (9th Cir. 2005) ............................................... 5

*Schriro v. Landrigan*
__ U.S. __, 127 S. Ct. 1933 (2007) ..................................... 9, 13

*Stanley v. Cal. Supreme Court*
21 F.3d 359 (9th Cir. 1994) .................................................... 1

*Superintendent v. Hill*
472 U.S. 445 (1985) ........................................................... 10-12

*Van Patten,___ U.S. ___*
128 S.Ct. at 747 ..................................................................... 13

*Wainwright v. Greenfield*
474 U.S. 284 (1986) ................................................................ 10

*Wilkinson v. Austin*
545 U.S. 209 (2005) .................................................................. 8

*Williams v. Taylor*
529 U.S. 362 (2000) .................................................................. 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF AUTHORITIES  (continued)**

Page

*Woodford v. Visciotti*
537 U.S. 19 (2002)                                                                 7

*Wright v. Van Patten*
___ U.S. ___, 128 S.Ct. 743 (2008)                                     9

*Ylst v. Nunnemaker*
501 U.S. 797 (1991)                                                              8


**Constitutional Provisions**

United States Constitution
        Sixth Amendment                                                      10

**Statutes**

United States Code, Title 20
        § 2244(d)(1)                                                              6
        § 2254(a)                                                                 14
        § 2254(b)(1)(A)                                                        4
        § 2254(d)                                                                 7
        § 2254(d)(1)                                                           5, 7
        § 2254(d)(2)                                                             5
        § 2254(e)                                                                 6
        § 2254(e)(1)                                                           11
        § 2254 Rule 2(a)                                                       1

California Penal Code
        § 3041                                                                   5, 13
        § 3042                                                                    15


**Other Authorities**

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)          5, *passim*

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  AMANDA J. MURRAY, State Bar No. 223829
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5741
    Fax:  (415) 703-5843
8   Email:  Amanda.Murray@doj.ca.gov

9  Attorneys for Respondent Warden

10

11              IN THE UNITED STATES DISTRICT COURT

12           FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14  **LA MERLE RONNIE JOHNSON,**              C 07-2921 JSW

15                              Petitioner,   **ANSWER TO PETITION FOR WRIT
                                              OF HABEAS CORPUS;**
16          **v.**                            **MEMORANDUM OF POINTS AND
                                              AUTHORITIES**
17  **ROSANNE CAMPBELL, Warden,**
                                              Judge:          The Honorable
18                             Respondent.                    Jeffrey S. White

19

20          As an Answer to the Petition for Writ of Habeas Corpus filed by California state

21  inmate LaMerle Johnson, proceeding pro se in this habeas corpus action, Respondent Warden

22  Richard Subia[1] admits, denies, and alleges as follows:

23          1.    Johnson is in the lawful custody of the California Department of Corrections and

24  _____

25          1.  The proper respondent in this action is now Acting Warden Richard Subia, not former
26  Warden Rosanne Campbell.  *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994)
    (holding that the warden where the petitioner is incarcerated is the proper respondent); Rule 2(a),
27  28 U.S.C. § 2254.  Moreover, because the actions complained of in Johnson's petition concern a
    parole consideration hearing, the Board of Parole Hearings is used interchangeably with Respondent.
28

1    Rehabilitation serving a life sentence following his 1996 conviction in San Mateo County for

2    kidnaping for ransom, second degree robbery, and assault with a firearm.  (Ex. A, Abstract of

3    Judgement.)

4         2.   Johnson's Petition does not challenge his conviction; instead, he challenges

5    the Board of Parole Hearings' March 22, 2006 decision finding him unsuitable for parole.

6    Specifically, he alleges that his federal due process rights were violated because there is no

7    evidence to support the Board's decision.  (*See generally* Petn.)[2/]  He also alleges that the Board

8    has an underground policy of denying parole at an inmate's initial parole consideration hearing,

9    and that the district attorney was estopped from opposing his parole because of a conflict of

10   interest and unreasonable bias.  (*Ibid.*)

11        3.   On July 6, 1993, Johnson and his co-criminals kidnaped Ellis Foots, a drug dealer, by

12   posing as police officers and "arresting" Foots.  (Ex. B, Decision, Court of Appeal of the State of

13   California, First Appellate District, No. A073308, at 2; Ex. C, Probation Officer's Report, at 4-7;

14   Ex. D, Life Prisoner Evaluation Report, at 1-2; Ex. E, Subsequent Parole Consideration Hearing,

15   at 13-33, 55-57, 62-71, 77-79.)  They took Foots to an apartment, taking his personal belongings,

16   and binding his hands and feet with duct tape.  (Ex. B at 3, Ex. C at 4-7; Ex. D at 1-2; Ex. E at

17   77-79.)  They also used the tape to blindfold him.  (*Id.*)  When Foots tried to loosen the tape, one

18   of the men shot him in the arm with a stun gun and put handcuffs on him.  (*Id.*)

19        4.   After an unsuccessful attempt to rob Foots's home for $8,000, Johnson and his co-

20   criminals decided to hold Foots for ransom and told Foots's friend that they would kill Foots if

21   their demands were not met.  (Ex. B at 3; Ex. C at 4-7; Ex. D at 1-2; Ex. E at 13-14, 77-79.)

22   Foots's friend paid the ransom as part of a failed attempt by police to locate Foots, but another

23   co-criminal (who was arrested while attempting to use Foots's credit cards) had already

24   disclosed Foots's location to police.  (Ex. B at 4; Ex. C at 4-7; Ex. D at 1-2; Ex. E. 13-14, 77-

25   79.)  The police rescued Foots, who was handcuffed, bound, and blindfolded, and police officers

26   found the ransom money.  (*Id.*)

27

28        2.   Respondent liberally construes Johnson's arguments in Claim I of his Petition to
     challenge the sufficiency of the evidence.  (Petn. at 8-16.)

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.                    *Johnson v. Campbell*
                                                                            C 07-2921 JSW

1     5.     On March 22, 2006, Johnson was provided an opportunity to be heard during

2   his parole consideration hearing (Ex. B at 13-76), and the Board issued a decision explaining

3   why he was found unsuitable for parole.  *Greenholtz v. Inmates of the Nebraska Penal and*

4   *Correctional Complex*, 442 U.S. 1 (1979) (opportunity to be heard and a reasoned decision is the

5   only clearly established United States Supreme Court law regarding an inmate's federal due

6   process rights at parole consideration hearings); (Ex. E at 77-84).  In denying him parole, the

7   Board found that the commitment offense was carried out in a cruel and callous manner with an

8   exceptionally callous disregard for human suffering in that Johnson helped kidnap Foots for

9   money, holding him in an apartment for several days, where Foots was handcuffed, bound, and

10   blindfolded with duct tape.  (*Id.* at 78-79, 82-83.)  The Board also noted that as the crime

11   escalated, Johnson could have stopped his criminal but failed to do so.  (*Id.* at 81.)  Moreover,

12   the Board felt that Johnson was being dishonest with the Board, doubting his remorse for the

13   victim and his crime.  (*Id.* at 80-81, 83.)  Finally, the Board found that the motive for the crime

14   was inexplicable and trivial in relation to the offense.  (*Id.* at 82-83.)  In addition to the

15   commitment offense, the Board cited Johnson's criminal history, inadequate parole plans, and

16   opposition from the district attorney as a basis for denying him parole.  (*Id.* at 79-82.)  Finally,

17   the Board recommended that Johnson get self-help to help him understand the nature of his

18   commitment offense and the impact his crime had on the victim.  (*Id.* at 83-84.)

19     6.     Johnson filed a petition with the San Mateo County Superior Court raising

20   substantially the same challenges to the Board's 2006 decision that he now asserts in his federal

21   Petition.  (Ex. F, Superior Court Pet. & Denial.)[3/]  The superior court denied Johnson's petition

22   on October 16, 2006 in a twelve-page reasoned decision.  (*Id.*)  First, the court concluded that

23   there was some evidence supporting the Board's determination that Johnson had a callous

24   disregard for Foots at the time the crime was committed, that he currently lacked sincerity and

25   remorse for his crime, and that he failed to have adequate parole plans.  (*Id.* at 7-9.)  Moreover,

27         3. To avoid repetition and unnecessary volume, the exhibits attached to McCormick's state
28   court petitions have been removed.  Respondent will provide these documents upon the Court's
     request.

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.                    *Johnson v. Campbell*
                                                                             C 07-2921 JSW

1   the court rejected Johnson's argument that the Board improperly relied on immutable factors,

2   noting that several of the factors were subject to change over time, *e.g.*, Johnson's honesty,

3   remorse, and his parole plans. (*Id.* at 8-9.) Second, the court found that Johnson's claim

4   regarding the Board's alleged underground policy of initially denying an inmate parole was

5   irrelevant because the Board made specific factual findings justifying its decision to deny

6   Johnson parole. (*Id.* at 9-10.) Third, the court found that there was no evidence of a conflict of

7   interest or unreasonable bias by the district attorney. (*Id.* at 11.) Finally, the court concluded

8   that the Board did not act arbitrarily in evaluating Johnson's commitment offense or in

9   recommending rehabilitative activities while in prison. (*Id.* at 11.)

10      7.   Dissatisfied, Johnson pursued his claims by filing substantially the same petition for

11  writ of habeas corpus in California's First Appellate District, which was denied on November

12  22, 2006. (Ex. G, Appellate Court Pet. & Denial.)

13      8.   Johnson then pursued his claims by filing substantially the same petition for writ of

14  habeas corpus in the California Supreme Court, which was denied on May 23, 2007. (Ex. H,

15  Supreme Court Pet. & Denial.)

16      9.   Respondent admits that Johnson has exhausted his state court remedies regarding

17  his challenges to the sufficiency of the evidence used by the Board to find him currently

18  unsuitable for parole, the Board's alleged underground policy of denying inmates parole during

19  their initial parole consideration hearing, and the district attorney's alleged opposition to

20  Johnson's parole based on a perceived conflict of interest and unreasonable bias. Respondent

21  denies that Johnson has exhausted his claims that the Board improperly required him to admit

22  guilt for his crime and that his equal protection rights were violated by the Board's parole denial.

23  (Petn. at 13-16.) Johnson failed to exhaust his state court remedies by asserting these claims in

24  his petition to the California Supreme Court and thus, Respondent will not address them on the

25  merits. 28 U.S.C. § 2254(b)(1)(A); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (a state

26  inmate must properly exhaust available state court remedies before a federal court may consider

27  granting habeas corpus relief). Respondent denies that Johnson has exhausted his claims to the

28  extent that they are more broadly interpreted to encompass any systematic issues beyond this

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.                    *Johnson v. Campbell*
                                                                             C 07-2921 JSW

1  particular review of parole denial.

2      10.   Respondent denies that the state courts' adjudication of Johnson's claims was

3  contrary to, or involved an unreasonable application of, clearly established federal law as

4  determined by the Supreme Court.  28 U.S.C. § 2254(d)(1).

5      11.   Respondent denies that the state courts' adjudication of Johnson's claims was based on

6  an unreasonable determination of the facts in light of the evidence.  28 U.S.C. § 2254(d)(2).

7      12.   To preserve the issue, Respondent denies that Johnson has a federal liberty interest

8  in parole under California Penal Code section 3041, notwithstanding the Ninth Circuit's contrary

9  decision in *Sass v. Cal. Bd. Prison Terms*, 461 F.3d 1123, 1127 (9th Cir. 2005).  *See Greenholtz*

10 *v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 12 (1979) (liberty interest in conditional

11 parole release date created by unique structure and language of state parole statute); *In re*

12 *Dannenberg*, 34 Cal. 4th 1061, 1087 (2005) (California's parole scheme is a two-step process

13 that does not impose a mandatory duty to grant life inmates parole before a suitability finding);

14 *Sandin v. Connor*, 515 U.S. 472, 484 (1995) (no federal liberty interest in parole because serving

15 a contemplated sentence does not create an atypical or significant hardship compared with

16 ordinary prison life).  Thus, Johnson fails to assert a basis for federal jurisdiction.

17     13.   To preserve the issue, notwithstanding the Ninth Circuit's contrary decision in *Irons v.*

18 *Carey*, 505 F.3d 846, 851 (9th Cir. 2007), Respondent denies that the Supreme Court has ever

19 clearly established that a state parole board's decision must be supported by some evidence.

20     14.   Respondent affirmatively alleges that if the some-evidence standard applies to federal

21 review of parole denials, there is some evidence supporting the Board's 2006 decision to deny

22 Johnson parole.

23     15.   Respondent alleges that there is no clearly established federal law precluding the

24 Board's reliance on Johnson's commitment offense or any other immutable factor as a reason to

25 deny him parole.  *Carey v. Musladin*, __ U.S. __, 127 S. Ct. 649, 654 (2006) (United States

26 Supreme Court emphasized that under AEDPA, only Supreme Court holdings regarding the

27 specific issue presented may be used to overturn valid state court decisions).

28     16.   Respondent denies that the state court unreasonably rejected Johnson's claim that the

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.                *Johnson v. Campbell*
                                                                        C 07-2921 JSW

1  Board has an underground policy of not granting parole to an inmate during his initial parole

2  consideration hearing.

3      17.   Respondent denies that the state court unreasonably rejected Johnson's claim that the

4  district attorney objected to Johnson's parole because of a conflict of interest or unreasonable

5  bias.

6      18.   Respondent denies that the Board's decision denying parole violated Johnson's

7  federal due process rights.

8      19.   If the petition is granted, Johnson's remedy is limited to a new parole consideration

9  hearing before the Board that comports with due process. *Benny v. U.S. Parole Comm'n*, 295

10  F.3d 977, 984-985 (9th Cir. 2002); *In re Rosenkrantz*, 29 Cal.4th 616, 658 (2002).

11      20.   Respondent denies that an evidentiary hearing is necessary in this matter. 20 U.S.C. §

12  2254(e).

13      21.   Respondent admits that Johnson's claim is timely under 28 U.S.C. § 2244(d)(1), and

14  that the petition is not barred by the non-retroactivity doctrine.

15      22.   Except as expressly admitted in this Answer, Respondent denies the allegations of the

16  Petition.

17      23.   Johnson fails to state or establish any grounds for habeas corpus relief.

18      For the reasons stated in this Answer and in the following Memorandum of Points and

19  Authorities, this Court should deny the Petition.

20  ## MEMORANDUM OF POINTS AND AUTHORITIES

21  ### INTRODUCTION

22      Johnson's Petition should be denied because he received the only process due under clearly

23  established Supreme Court authority:  the opportunity to be heard and a decision.  Thus, the

24  Board's decision did not violate his federal due process rights.  Finally, if the some-evidence test

25  is applicable, and Respondent maintains it is not, Johnson's Petition should be denied because

26  there is some evidence supporting the Board's decision denying Johnson parole.

27  //

28

1

## ARGUMENT

2

**THE STATE COURTS' ADJUDICATION OF JOHNSON'S CLAIMS WAS NEITHER CONTRARY TO, NOR INVOLVED AN UNREASONABLE APPLICATION OF, CLEARLY ESTABLISHED FEDERAL LAW, NOR WAS IT BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS.**

3

4

5

### A.    The Standard of Review for Federal Habeas Petitions Brought by State Prisoners Is Highly Deferential to the State-Courts' Rulings.

6          Federal habeas relief for state prisoners was tightly constrained by the "highly deferential

7    standard for evaluating state-court rulings" imposed by Antiterrorism and Effective Death

8    Penalty Act of 1996 (AEDPA).  *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam).

9    Under AEDPA, a state prisoner's federal habeas petition must be denied unless the state court's

10   adjudication was contrary to, or involved an unreasonable application of, clearly established

11   Federal law, as determined by the Supreme Court of the United States; or was based on an

12   unreasonable determination of the facts in light of the evidence presented in the State court

13   proceeding.  28 U.S.C. § 2254(d).

14          Under AEDPA, a state court decision is " contrary to" clearly established Supreme Court

15   precedent "if it 'applies a rule that contradicts the governing law set forth in [Supreme Court]

16   cases,' or if it 'confronts a set of facts that are materially indistinguishable from a decision'" of

17   the Supreme Court and nevertheless arrives at a different result.  *Early v. Packer,* 573 U.S. 3, 8

18   (2002) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000)).  "What matters are the

19   holdings of the Supreme Court, not the holdings of lower federal courts."  *Plumlee v. Masto*, 512

20   F.3d 1204, 1210 (9th Cir. 2008) (en banc).

21          Under the "unreasonable application" clause of § 2254(d) (1), a federal habeas court may

22   grant the writ if the state court identifies the correct governing legal principle from the Supreme

23   Court's decisions, but unreasonably applies that principle to the facts of the case.  *Williams,* 529

24   U.S. at 413.  A federal habeas court may not grant the writ "simply because that court concludes

25   in its independent judgment that the relevant state-court decision applied clearly established

26   federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Id.*

27   at 412; *see also Lockyer v. Andrade,* 538 U.S. 63, 75 (2003) (it is "not enough that a federal

28   habeas court, in its independent review of the legal question, is left with a 'firm conviction' that

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.                          *Johnson v. Campbell*
                                                                                    C 07-2921 JSW

1   the state court was 'erroneous.'").

2       The federal court looks to the last reasoned state court decision as the basis for the state

3   court judgment.  *Avila v. Galaza,* 297 F.3d 911, 918 (9th Cir. 2002); *see Ylst v. Nunnemaker*, 501

4   U.S. 797, 803-04 (1991).

5       **B.    Johnson's Petition Should Be Denied Because He Received All
            Process Due:  an Opportunity to Be Heard and an Explanation
6           for the Parole Denial.**

7       The Supreme Court has found that a parole board's procedures are constitutionally

8   adequate if the inmate is given an opportunity to be heard and a decision informing him of the

9   reasons he did not qualify for parole.  *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*,

10  *supra*, 442 U.S. at 16.  As a matter of "clearly established" federal law then, a challenge to a

11  parole decision will fail if the inmate has received the protections required under *Greenholtz*.

12  *See Maynard v. Cartwright*, 486 U.S. 356, 361-62 (1988); *Wilkinson v. Austin*, 545 U.S. 209,

13  226 (2005) (Supreme Court cited *Greenholtz* approvingly for the proposition that the "level of

14  process due for inmates being considered for release on parole includes opportunity to be heard

15  and notice of any adverse decision" and noted that *Greenholtz* remained "instructive for [its]

16  discussion of the appropriate level of procedural safeguards.")  Johnson does not deny that he

17  received an opportunity to be heard or the reasons he was denied parole.  (Ex. B.)  Thus, the state

18  courts' decisions were not contrary to clearly established federal law.

19      **C.    The Some-Evidence Standard of Review Is Not Clearly Established
            Federal Law by the United States Supreme Court for Challenging
20          Parole Denials.**

21      The some-evidence standard does not apply in federal habeas proceedings challenging

22  parole denials because it is not clearly established federal law.  The United States Supreme Court

23  has reiterated that for AEDPA purposes, "clearly established federal law" refers only to the

24  holdings of the nation's highest court on the specific issue presented.  *Carey v. Musladin*,  __

25  U.S. __, 127 S. Ct. at 653.  In *Musladin*, a convicted murderer filed a federal habeas petition

26  after a state appellate court upheld the victim's family members' wearing of buttons with the

27  victim's photograph during the trial, concluding that it was not inherently or actually prejudicial

28  based on two United State Supreme Court cases.  *Id.* at 651-52.  The Court of Appeals for the

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.                    *Johnson v. Campbell*
                                                                            C 07-2921 JSW

8

1    Ninth Circuit reversed, finding that the state court's decision was contrary to, or involved an

2    unreasonable application of, clearly established federal law – the prejudice test in the two United

3    State Supreme Court cases. *Id*. at 652. In vacating the Ninth Circuit's decision, the Supreme

4    Court stated that the cases relied on by the Ninth Circuit involved state-sponsored courtroom

5    practices – making a defendant wear prison clothing during trial and seating four uniformed

6    troopers behind a defendant during trial – that were unlike the private action of the victim's

7    family members' wearing of buttons. *Id*. at 653-54. The *Musladin* Court further noted that the

8    two cases were not clearly established federal law on the issue because the United States

9    Supreme Court "has never addressed a claim that such private-actor courtroom conduct was so

10   inherently prejudicial that it deprived a defendant of a fair trial." *Id*. at 653. Consequently, the

11   Court held that the Ninth Circuit erred by importing a federal test for prejudicial state action in a

12   courtroom to private spectators' courtroom conduct. *Id*. at 654.

13           Again, in *Schriro v. Landrigan*, __ U.S. __, 127 S. Ct. 1933, 1942 (2007), the United

14   States Supreme Court factually distinguished two of its cases that the Ninth Circuit cited in

15   holding that the state court unreasonably applied clearly established federal law when finding

16   ineffective assistance of counsel claims frivolous. In *Landrigan*, a criminal defendant

17   questioned by the judge told the court that he did not want mitigating evidence presented (his

18   attorney advised otherwise). *Id*. at 1937-38. The United States Supreme Court reasoned that the

19   two cases relied on by the Ninth Circuit were not clearly established federal law by factually

20   distinguishing them. *See id.* at 1942. The Court noted that one case involved an attorney's

21   failure to provide mitigating evidence and the other case concerned a defendant who refused to

22   help develop mitigating evidence. *Id. See also Wright v. Van Patten*, ___ U.S. ___, 128 S.Ct.

23   743, 746 (2008) (United States Supreme Court reversed the Seventh Circuit and upheld a state

24   appellate court determination that the defendant's right to counsel was not violated when defense

25   counsel appeared by speaker phone at a hearing because Supreme Court precedents did not

26   clearly hold that counsel's participation by speaker phone amounted to complete denial of

27   counsel, the equivalent to total absence. Accordingly, the Court concluded that the state

28   appellate court's holding was not contrary to, or an unreasonable application of, clearly

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.                    *Johnson v. Campbell*
                                                                             C 07-2921 JSW

9

1    established federal law, as required to grant federal habeas relief).

2            Likewise, several recent Ninth Circuit decisions also emphasize that there can be no

3    clearly established federal law where the Supreme Court has never addressed a particular issue

4    or applied a certain test to a specific type of proceeding.  For instance, in *Foote v. Del Papa*, 492

5    F.3d 1026 (9th Cir. 2007) the Ninth Circuit affirmed the district court's denial of a petition

6    alleging ineffective assistance of appellate counsel based on an alleged conflict of interest

7    because no Supreme Court case has held that such an irreconcilable conflict violates the Sixth

8    Amendment.  *Id.* at *3-4.  Similarly, in *Nguyen v. Garcia*, 477 F.3d 716 (9th Cir. 2007), the

9    Ninth Circuit upheld the state court's decision — finding that *Wainwright v. Greenfield*, 474

10   U.S. 284 (1986) did not apply to a state court competency hearing — because the Supreme Court

11   has not held that *Wainwright* applied to competency hearings and thus, was not contrary to

12   clearly established federal law.  *Id.* at 718, 727.  Also, in *Locke v. Cattell*, 476 F.3d 46 (9th Cir.

13   2007), the Ninth Circuit affirmed the denial of a federal habeas petition based on a proposed

14   violation of *Miranda v. Arizona*, 384 U.S. 436 (1966) concluding that, because no Supreme

15   Court case supported petitioner's claim that his admission to a crime transformed a police

16   interview into a custodial interrogation, the state court's decision denying relief was not

17   unreasonable under AEDPA.  *Cattell*, 476 F.3d at 53.  Most recently, in *Cook v. Schriro*, __ F.3d

18   __, 2008 WL 441825 *1, *10 (9th Cir. 2008), the Ninth Circuit concluded that under AEDPA,

19   defendant Cook's right to due process was not violated by a consistency clause[4] in his co-

20   defendant's plea agreement because there was no United States Supreme Court precedent

21   establishing the unconstitutionality of the clause in plea agreements.  Thus, the court concluded

22   that, "[b]ecause it is an open question in the Supreme Court's jurisprudence," the consistency

23   clause was not contrary to or an unreasonable application of clearly established federal law, and

24   did not warrant federal habeas relief.  *Id.,* citing *Carey v. Musladin*, __ U.S.__, 127 S.Ct. at 654.

25           Accordingly, because *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985) applied the

26   _____

27       4.  The consistency clause in Cook's co-defendant's plea agreement required consistency in
     his interview statements and trial testimony.  (*Cook*, __ F.3d __, 2008 WL 441825 at *10.)
28

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.                    *Johnson v. Campbell*
                                                                             C 07-2921 JSW

                                              10

1   some-evidence standard to a prison disciplinary hearing and Johnson challenges his 2006 parole

2   consideration hearing, the some-evidence standard does not apply.  Because *Greenholtz* is the

3   *only* United States Supreme Court authority describing the process due at a parole consideration

4   hearing when an inmate has a federal liberty interest in parole, the *Greenholtz* test, not the some-

5   evidence standard, should apply in this proceeding.  Regardless, Respondent recognizes that the

6   Ninth Circuit has held otherwise, most recently in *Irons v. Carey*, 505 F.3d 846, and will argue

7   this case accordingly.

8          **D.    Johnson's Petition Should Be Denied Because There Is Some Evidence
                   Supporting the Board's Decision and — as Required by AEDPA — the State
9                  Court Decision Upholding the Board's Parole Denial Is Based on a
                   Reasonable Application of the Facts in Light of the Evidence Presented.**
10

11         Assuming Johnson has a federally protected liberty interest in parole, and if the

12   "minimally stringent" some-evidence standard applies, then the requirements of due process are

13   satisfied if there is "any evidence in the record that could support the conclusion reached by the

14   board."  *See Hill*, 472 U.S. at 455-56 (applying some-evidence standard to prison disciplinary

15   hearing).  The some-evidence standard "does not require examination of the entire record,

16   independent assessment of the credibility of witnesses, or weighing of the evidence;" rather, it

17   assures that "the record is not so devoid of evidence that the findings of the . . . board were

18   without support or otherwise arbitrary."  *Id*. at 457.  Thus, both the "reasonable application"

19   standard of AEDPA and the some-evidence standard of *Hill* are very minimal standards.

20         Although Johnson invites the Court to re-examine the facts of his case and re-weigh the

21   evidence presented to the Board, neither AEDPA nor *Hill*'s some-evidence test permit this

22   degree of judicial intrusion.  Johnson bears the burden of proving that the state court's factual

23   determinations were objectively unreasonable.  28 U.S.C. § 2254(e)(1); *Hill*, 472 U.S. at 457;

24   *Juan H. v. Allen*, 408 F.3d 1262, 1270 (9th Cir. 2005).

25         Moreover, in assessing the state court's review of Johnson's claims, not only should the

26   appropriate deference be afforded under AEDPA to the state court's review, but deference is also

27   due to the underlying Board decision.  The Supreme Court has recognized the difficult and

28   sensitive task faced by the Board members in evaluating the advisability of parole release.

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.                    *Johnson v. Campbell*
                                                                            C 07-2921 JSW

1  *Greenholtz*, 442 U.S. at 9-10.  Thus, contrary to Johnson's belief that he should be paroled based

2  on the evidence in support of parole presented at the hearing (*see generally*, Petn.), the Supreme

3  Court has stated that in parole release, there is no set of facts which, if shown, mandate a

4  decision favorable to the inmate.  *Id.*  Instead, under the some-evidence standard, the court's

5  inquiry is limited solely to determining whether the state court properly found that the Board's

6  decision to deny parole is supported by some evidence in the record, *i.e.*, any evidence.  *Hill*, 472

7  U.S. at 455.

8      In this case, the San Mateo County Superior Court concluded that there was some

9  evidence supporting the Board's decision denying Johnson parole.  (Ex. F.)  First, the court

10  concluded that there was some evidence supporting the Board's conclusions that Johnson had a

11  callous disregard for Foots, that he currently lacked sincerity and remorse for his crime, and that

12  he failed to have adequate parole plans. (*Id.* at 7-9; Ex. B.)  Moreover, the court rejected

13  Johnson's argument that the Board improperly relied on immutable factors, noting that several of

14  the factors were subject to change over time, *e.g.*, Johnson's honesty, remorse, and his parole

15  plans.  (*Id.* at 8-9.)  Second, the court also found that Johnson's claim regarding the Board's

16  alleged underground policy of initially denying inmate's parole was irrelevant because the Board

17  made specific findings justifying its decision to deny Johnson parole.  (*Id.* at 9-10.)  Third, the

18  court found that there was no evidence of a conflict of interest or bias by the district attorney.

19  (*Id.* at 11.)  Finally, the court concluded that the Board did not act arbitrarily in evaluating

20  Johnson's commitment offense and in recommending rehabilitative activities while in prison.

21  (*Id.*)  This is a reasonable application of the minimal some-evidence test.

22      Thus, if the some evidence test applies, the state court denials were not an unreasonable

23  application of clearly established United States Supreme Court law, nor did the state courts

24  unreasonably determine the facts.  Instead, the state court properly determined that there is some

25  evidence in the record supporting the Board's decision, and Johnson's Petition should be denied.

26  //

27  //

28  //

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.                    *Johnson v. Campbell*
                                                                            C 07-2921 JSW

1        **E.**      **No Clearly Established United States Supreme Court Law Precludes the**
2                  **State Courts from Upholding the Board's Reliance on Johnson's**
                 **Commitment Offense to Deny Him Parole.**

3          Johnson contends that the Board violated his federal due process rights by relying on

4   immutable factors to find him unsuitable for parole.  (Petn. at 10-14.)  Yet, there is no clearly

5   established federal law as determined by the United States Supreme Court that precluded the

6   Board's reliance on Johnson's crime as a reason to find him unsuitable for parole.  *Musladin*,

7   127 S. Ct. at 654; *Landrigan*, 127 S. Ct. at 1942.  Although the Ninth Circuit's recent holdings

8   suggest that continued reliance on the commitment offense may violate due process at some

9   future date (*see, e.g., Irons,* 505 F.3d at 854 (citing *Biggs v. Terhune*, 334 F.3d. 910, 916-17 (9th

10  Cir. 2003); *Hayward v. Marshall*, 512 F.3d 536, 547, fn. 10 (9th Cir. 2007) (court concluded that

11  Governor's continued reliance on Hayward's commitment offense violated due process, but

12  expressly limited its holding to the facts of Hayward's case and the nature of his specific

13  conviction offense), these holdings are irrelevant when conducting an AEDPA analysis.

14  *Plumlee*, *supra*, 512 F.3d at 1210 ("What matters are the holdings of the Supreme Court, not the

15  holdings of lower federal courts").

16         Indeed, the Supreme Court recently highlighted the tight constraints imposed by AEDPA:

17         Because our cases give no clear answer to the question presented, let alone one in
       [Petitioner's] favor, "it cannot be said that the state court 'unreasonabl[y]
18         appli[ed] clearly established Federal law.'"  *Musladin,* 549 U.S. at ___, 127 S. Ct.
       649, 654 (quoting 28 U.S.C. § 2254(d)(1)).  Under the explicit terms of §
19         2254(d)(1), therefore, relief is unauthorized.

20  *Van Patten*,___ U.S. ___, 128 S.Ct. at 747.  Thus, because the Board's reliance on Johnson's

21  commitment offense to deny parole is supported by California state law (Cal. Pen. Code, §3041;

22  *Dannenberg*, 34 Cal.4th 1061, 1094 (2005)) and such reliance is not contrary to any clearly

23  established United States Supreme Court law, Johnson's argument is without merit.

24  //

25  //

26  //

27  //

28  //

      *Johnson v. Campbell*
      C 07-2921 JSW

1    **F.**     **Johnson Cannot Demonstrate that the State Court Unreasonably Rejected**
2             **His Remaining Claims or Acted Contrary to United States Supreme Court Law.**

3          **1.**     **Johnson's argument that the Board has an underground policy of**
4                **denying parole during an inmate's initial parole consideration hearing is irrelevant because the Board made specific findings justifying its decision.**

5

6         In addition to challenging the sufficiency of the evidence, Johnson also contends that he

7  was denied parole because the Board has an underground policy of denying parole to an inmate

8  appearing for his initial parole consideration hearing.  (Petn. at 16-17.)  Johnson's allegation

9  both fails to state a federal claim and is without merit.  Thus, Johnson cannot establish a claim

10  for relief.

11         As an initial matter, Johnson's allegation fails to implicate a federal claim to the extent it

12  is based on his construction of the state statutes and regulations regarding the manner in which

13  the Board determines suitability for parole.  Thus, Johnson's claim is predicated on state law and

14  not cognizable in federal habeas corpus.  28 U.S.C. § 2254(a); *Rose v. Hodges,* 423 U.S. 19, 21

15  (1975); *Gutierrez v. Griggs*, 695 F.2d 1195, 1197-1198 (1983).  Moreover, even if Johnson is

16  alleging that the state court erroneously rejected this claim, a federal court may not challenge a

17  state court's interpretation or application of state law, *Middleton v. Cupp*, 768 F.2d 1083, 1085

18  (9th Cir. 1985), or grant relief "on the basis of a perceived error of state law."  *Pulley v. Harris*,

19  465 U.S. 37, 41 (1984).  Accordingly, the Petition should be denied as to this claim.

20         Moreover, even if addressed on the merits, Johnson cannot show that the state court

21  unreasonably rejected his claim or acted contrary to United States Supreme Court law.  Indeed,

22  the superior court noted that even if the Board has acted arbitrarily in other cases, the record

23  reflected that in denying Johnson parole, the Board made multiple factual findings, each of

24  which were more than independently sufficient to justify his parole denial.  (Ex. E at 10.)  The

25  court noted that the Board properly considered the relevant regulatory factors and that based on

26  these factors — including the gravity of the commitment offense, Johnson's institutional

27  behavior, and psychological evaluations — there was some evidence supporting the Board's

28  decision denying Johnson parole.  (*Ibid.*)

*Johnson v. Campbell*
C 07-2921 JSW

**2.    There is no evidence that the district attorney opposed Johnson's parole based on a conflict of interest or unreasonable bias.**

Johnson also contends that the district attorney had a conflict of interest and was unreasonably biased in opposing his parole. (Petn. at 18-21.)  His contention is based on a prior assistant district attorney allegedly revoking Johnson's plea agreement after the assistant district attorney failed to get a conviction in another case based on Johnson's testimony. (*Id.*)  Again, Johnson's claim fails to allege a federal claim and is without merit.  Indeed, the Board may properly consider and rely on the district attorney's opposition to Johnson's parole.  (Cal. Pen. Code § 3042; see also *In re Dannenberg*, 34 Cal. 4th at 1085 [public input regarding parole suitability may be influential and even decisive].)  Moreover, as stated above, even if Johnson is alleging that the state court erroneously rejected this claim, a federal court may not challenge a state court's interpretation or application of state law, *Middleton,* 768 F.2d at 1085, or grant relief "on the basis of a perceived error of state law." *Pulley*, 465 U.S. at 41.  Accordingly, the Petition should be denied as to this claim.

Alternatively, the superior court did not act contrary to United States Supreme Court law and reasonably concluded that there was no evidence that the district attorney's opposition was a function of bias.  (Ex. E at 11.)  The court also noted that Johnson has made several attempts to challenge the rescission of his plea agreement and that his claims have been previously rejected. (*Ibid.*)

//
//
//
//
//
//
//
//
//

## CONCLUSION

Johnson received all the process he was due under clearly established Supreme Court authority. Moreover, the record reflects that the Board's decision was supported by some evidence. Thus, the state courts' adjudication of Johnson's claims was not contrary to, nor did it involve an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts. Accordingly, Johnson's Petition should be denied.

Dated: March 5, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

AMANDA J. MURRAY
Deputy Attorney General
Attorneys for Respondent

40215971.wpd
SF2007200874

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Johnson v. Campbell**

No.:    **C 07-2921 JSW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **March 5, 2008**, I served the attached

### ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS;
### MEMORANDUM OF POINTS AND AUTHORITIES

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**La Merle R. Johnson, J-92682**
**Mule Creek State Prison**
**P.O. Box 409060**
**Ione, CA 95640-9060**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **March 5, 2008**, at San Francisco, California.

| | |
|---|---|
| _____ | _____ |
| M.M. Argarin | Signature |
| Declarant | |

40225807.wpd