La Merle R. Johnson, J-92682
P.O. 409060 (C14-245L)
Ione, CA 95640-9060



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA MERLE RONNIE JOHNSON, ) | |
| ) | C 07-2921 JSW |
| Petitioner, ) | |
| ) | **TRAVERSE TO RESPONDENT'S** |
| vs. ) | **ANSWER** |
| ) | |
| ROSANNE CAMPBELL, Warden, ) | |
| ) | |
| Respondent. ) | |

As a Traverse to Respondent's Answer, Petitioner responds as follows:

1:   Respondent mistakingly alleges that portions of Petitioner's writ is unexhausted; Respondent's Answer (henceforth, RA) page 4, number 7 & 8, states that Petitioner when denied in Superior Court filed "substantially the same petition for writ of habeas corpus" in the Appellate and California Supreme Court.  True in part, it was the same writ, page 7-33, what Respondent fails to point out is that Petitioner made an addition, 'Petitioner's Response To Superior Court Denial', page 34-50.

Appellate Court denied the writ in 48-hours, prompting Petitioner to re-file the exact same writ in the California Supreme Court, with one addition, 'Petitioner's Response To Appellate Court Denial', which clearly pointed out that writ was 50-pages, etc., (See Attachment I).

2:   RA, pg. 4, ln. 21-23, #9, states that Petitioner failed to exhaust his claims that Board wanted an admission of guilt surrounding an **alleged** crime, etc., and that his equal protection rights were violated.

Petitioner's Supreme Court Writ, page 45-47, clearly addresses the Board wanting an admission. In regards to not exhausting equal-protection argument, in supra, page 47, ln. 7-10, Petitioner stated;

> "Petitioner reasonably states this, not one inmate has ever been paroled by the Board who failed to acknowledge guilt and remorse, not one, yet the law **clearly** states that that is not necessary."
>
> "Yet that is not possible when Boards can take similarly situated (Lifer's) inmates, and treat them in an **UNEQUAL** fashion. How is this done?" (pg. 35, ln. $12\frac{1}{2}$-$13\frac{1}{2}$)

3:   **Throughout** Petitioner's writ in the State Courts, he clearly points out systematic-issues surrounding Lifer inmates and the Parole-Board policies/practices. RA, pg. 4-5, ln. 28-2, claims these issues not exhausted.

**ARGUMENT**

Petitioner accepts that Federal Courts review, must be highly deferrential to State Courts. With that said, State Courts rulings, must be constitutionally sound and not awry of Federal-Law/Constitution.

Under AEDPA, a higher standard of review was put in place, one that says no State action should be overturned unless it contradicts law as established by the United States Supreme Court. Throughout the RA, Respondent repeatedly

reminds the Court of this. Okay.

In Petitioner's writ he states that the law itself that governs Parole-Suitability, is unconstitutional; Supreme Court law is clear that no State can en-act and or enforce an unconstitutional law. So this Court is within its rights to make a determination on whether or not the law Petitioner and other Lifers' are going to Board under, is unconstitutional.

No, the Supreme Court has never **specifically** ruled on whether or not a State can pass/enforce a law surrounding Parole-Board Hearings, which makes factors that were known at the time of sentencing, okay to forever trump the liberty interest of parole-eligibility. But the Supreme Court does not have to have existing case-law on a subject for a lower Federal Court to address it, why?

Our laws, despite AEDPA are not frozen in time. Under Respondent's reasoning, no new issues will ever make it to the Supreme Court, basically concluding and asserting; 'If it was not clearly established law at the passing of AEDPA, no Federal intevention can ever take place.' The end-game there would be that the State can pretty much do anything it wants in regards to enacting or enforcing its laws surrounding prisoners, because any new theory of contention can not be heard because it did not come up prior to passage of AEDPA. That theory goes against the basic framework of the constitution, and or Congressional or Presidential intent when signing AEDPA into law.

In writ, Petitioner asserts several constitutional themes of the California parole-board process which causes it to be unconstitutional, in violation of Due Process and Equal Protection; Respondent blanketly denies Petitioner's claims, does not directly address any of the issues broadly effecting all lifer-inmates, only asserting that under no Federal and or legal thresh-hold can the writ be granted. Respectfully Petitioner disagrees.

### STANDARD OF REVIEW

Under the 'Some Evidence' threshhold; Petitioner re-asserts issues raised in writ, highlighting the conflict of California-Law which states that a person does not have to discuss the crime, in not discussing crime a person could not show remorse, yet Board and California case-precedent demand that crime be discussed and remorse expressed.

Respondent asserts that the only 'Due Process' Petitioner was due, was the right to a hearing, to be heard, and to be told why he was being denied; that under Supreme Court law, that that is constitutionally sound. Respondent ignores the fact, 'Due Process' also encompasses the State adhering to its own laws, and that all those subjected to such, be so subjected EQUALLY; which Petitioner asserts in writ is not the case.

Respondent's Answer, in Petitioner's opinion, only highlights the need for Federal-Intervention as a whole in regards to California's Lifer Parole-Board Process.

Respondent asserts, as did the California Superior Court, that an underground policy of denying parole is irrelevant, as long as in the specific case denied, the Board's cite some reasoning justifying denial. And per California law, such a denial can be based on an unalterable factor such as how the crime occurred. Neither the State Court or Respondent even attempt at denying the existence of underground policy, they just say it does not matter; and Respondent asserts to this Court that it has no jurisdcition over the matter because the Supreme Court has never addressed the issue.

A reasonable theory is that if a person has a right to something, a parole-hearing, that it be fair and impartial. California through its laws and actions are clearly saying that their parole-board process for life-inmates will be neither fair, nor impartial; and that the Federal Courts can not intervene. Petitioner respectfully disagrees.

### DISTRICT ATTORNEY BIASED

Respondent does not deny abuses, does not deny that Parties who subjected Petitioner to criminal-plots which almost literally cost him his life are still in power and the ones contesting parole; just asserts District Attorney not biased. When a person in power says that they are going to, "Fry someone's ass", reasonably that person is biased. When the frying almost results in the person being killed in prison, and causes the person to be subjected to further harm, not to mention the harms that preceded the statement in the

-5-

first place; it is not unreasonable to think that if State-Officials would subject a person to such harm either through direct action, or inaction (failing to prevent it), that those Officials should not be allowed to give a parole-opinion in a matter where one could reasonably assert that they in concert with other's have broken some laws.

This Court, in case no. CV-02-5309 JSW, in a collateral attack which in part utilized the same facts, stated in the denial;

> "While the Court is sympathetic to the harms and threats Petitioner contends he suffered while acting as a government agent in a state murder trial, ... The Court cannot disregard the law's mandates (AEDPA) because of harm Petitioner suffered ..."

Reasonably speaking, the San Mateo County District Attorney's Office should not be involved in Petitioner's parole-eligibility process, they have a conflict.

### ROOT OF THE PROBLEM

California law, conflicts with California case-precedent; Prisoner's do not have to discuss the case nor express remorse. But as Petitioner clearly shows in writ, and Respondent demonstrates in Answer, everyone, Parole-Board, California Courts, and California Attorney General, ignores that fact and in denying or defending denial of parole, cites differences Board/Court/Governor has with inmates rendition of crime or expressions of remorse. This has become an accepted practice, theory of law, and **some** inmates are being subjected to it, other's are not.

-6-

When California Court and Attorney General believe and assert that a Regulatory-Agent having a Underground Policy is irrelevant, that which the Regulatory-Agent is over and more importantly those subject to the authority, are in dire constitutional trouble.

### CALIFORNIA GOVERNOR-REHABILITATION

Board job as asserted in writ, to determine Re-habilitation; Governor says under current prison-conditions, rehabilitation not possible. How then is Board holding hearings for lifer-inmates?

### CONCLUSION

Petitioner, like many other inmates, will never get a fair/impartial hearing from a Board who with the blessings of the Courts/Attorney-General/Governor over it, acts outside of the law.

California Courts in frustration with Board, have reviewed parole-eligibility, granted release, and release has occurred; Respondent ignores that fact when asserting that this Court, a higher Court, can only grant a new-hearing in front of a lawless Board.

This Court in the interest of all Lifer-Inmates should hold hearings into the raised issues effecting all Lifer's, and this specific Lifer. Counsel is requested to develop and appear in such hearings, writ should issue, and this Court upon its own accord is respectfully requested to release Petitioner.

1 | Respectfully Submitted,
2 |
3 | La Merle R. Johnson, Petitioner   Date: March 09, 2008

**ATTACHMENT: I**

# Petitioner's Response To Appellate Courts Denial

Dated: 11/28/06

Respectfully, Petitioner asserts his writ was not given a thorough review, given that a 50-page writ, 12-page Superior Court denial, and 100+pages of exhibits were denied within a 48-hour period.

Respectfully Submitted,

La Merle R. Johnson, Petitioner.

## PROOF OF SERVICE

I, La Merle R. Johnson, on this date, March 09, 2008, did mail the following:

**TRAVERSE TO RESPONDENT'S ANSWER**

to the below addressed with proper postage attached;

Department of Justice
Attn: DAG Amanda J. Murray,
Bar no. 223829
455 Golden Gate Ave. Ste. 11000
San Francisco, CA 94102-3664

United States Northern District Court
Attn: Case No. C 07-2921 JSW
450 Golden Gate Avenue
San Francisco, CA 94102

I declare under penalty of perjury pursuant to the laws of California that the foregoing is true and correct, executed on March 09, 2008, in Ione, California.

La Merle R. Johnson