IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMERLE RONNIE JOHNSON,<br><br>    Petitioner,<br><br>  vs.<br><br>ROSANNE CAMPBELL, Warden,<br><br>    Respondent.<br>_____/ | No. C 07-2921 JSW (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition challenged a parole denial. This Court ordered Respondent to show cause why a writ should not issue. After Respondent had answered and Petitioner had filed a traverse, the United States Court of Appeals for the Ninth Circuit decided *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc), in which a number of important issues involving parole habeas cases had been raised. In consequence, the Court ordered the parties to provide supplemental briefs addressing the impact of *Hayward* on this case, which they have done. For the reasons stated below, the petition is denied on the merits.

**BACKGROUND**

Petitioner was convicted by a San Mateo County jury of kidnaping for ransom, second degree robbery, and assault with a firearm. (Ex. B (Court of Appeal Opinion) at 1.)[1] In January of 1996 he was sentenced to life in prison plus eleven years. (Ex. A (Abstract of

---

[1] Citations to "Ex." are to the record as lodged by the Respondent, unless otherwise indicated.

Judgment).)  His petition here is directed to a March 22, 2006, denial of parole by the Board of Parole Hearings ("Board").  (Pet. at 8.)  It was his first parole hearing.  (Ex. E (Transcript of Hearing) 1, 6.)

## DISCUSSION

**I.  Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified under 28 U.S.C. § 2254, provides "the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the Petitioner is not challenging his underlying state court conviction." *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004). Under AEDPA, this Court may entertain a petition for habeas relief on behalf of a California state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted unless the state court's adjudication of any claim on the merits: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* at § 2254(d). Under this deferential standard, federal habeas relief will not be granted "simply because [this] court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000).

While circuit law may provide persuasive authority in determining whether the state court made an unreasonable application of Supreme Court precedent, the only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. *Id.* at 412; *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).

**II.  Respondent's Claims**

In order to preserve the issues for appeal, Respondent argues that California prisoners

have no liberty interest in parole, and that if they do, the only due process protections available are a right to be heard and a right to be informed of the basis for the denial – that is, Respondent contends there is no due process right to have the result supported by sufficient evidence. Because these contentions are contrary to Ninth Circuit law, they are without merit. *See Pirtle v. California Bd. of Prison Terms*, 611 F.3d 1015, 1020-21 (2010) (California's parole scheme gives rise to a liberty interest in parole, including requirement that denial be supported by "some evidence"); *Cooke v. Solis*, 606 F.3d 1206, 1213-14 (9th Cir. 2010) (citing *Hayward*, 603 F.3d at 555, 561-64); *Pearson v. Muntz*, 606 F.3d 606, 610-11 (9th Cir. 2010) (citing *Hayward*, 603 F.3d at 561-64).

### III.    Petitioner's Claims

As grounds for habeas relief, Petitioner asserts that: (1) the prison system as it presently exists is not able to rehabilitate inmates; (2) the Board has a policy of denying parole at the first parole consideration hearing; and (3) the San Mateo District Attorney had a "conflict of interest" that should have prevented that office from opposing his parole.

#### A.    Rehabilitation/Bias Claim

Petitioner frames his first issue thus:

> PAROLE[] BOARDS['] DUTIES ARE TO DETERMINE WHETHER OR NOT LIFE-INMATE HAS BEEN REHABILITATED. GOVERNOR ARNOLD SCHWARZENEGGER STATES THAT REHABILITATION IS NOT POSSIBLE UNDER CURRENT OVERCROWDING (ETC.) PRISON CONDITIONS BOARD, WHICH IS APPOINTED AND SUPERVISED UNDER THE AUTHORITY OF THE GOVERNOR THEREFORE CONSTITUTIONALLY IS UNABLE TO PERFORM ITS DUTIES OF ASCERTAINING PAROLEABILITY.

(Pet. at 8.)

It is difficult to be certain what Petitioner is attempting to claim here, but in light of Petitioner's lay person status, the Court will construe the claim liberally as an inartful attempt to assert that the Board is biased. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (Federal courts have a duty to construe pro se petitions for writs of habeas corpus liberally).

Petitioner has not provided evidence that the Governor or his appointees ever said that *no* prisoner could ever be rehabilitated in the California prison system, much less any evidence

3

that the Board or any member of it believes that. On the contrary, the record shows that the Board reviewed the evidence extensively and discussed it with petitioner and his attorney. (Ex. E at 13-76.) The Board's decision explains the facts it relied upon in finding him not suitable for parole. (*Id.* at 77-84.) Both these factors tend to negate the accusation of bias, and petitioner has not established otherwise. The state courts' rejection of this claim was not contrary to, nor an unreasonable application of, clearly-established Supreme Court authority.

Under this claim in the petition are a number of sub-issues; they appear to be intended to be points in support of the overall bias claim, although they in fact do not tend to prove it. The Court will, however, consider whether any of these points provides a separate basis for relief.

Petitioner contends that the job of the Board is to assess whether an inmate has been rehabilitated. This may be a semantic distinction, but under California law the Board's duty is to determine if the inmate would be a danger to society if released. *See In re Lawrence*, 44 Cal.4th. 1181, 1191 (2008). Petitioner's contention that rehabilitation is a "constitutionally recognized mandate" is incorrect; although it was referred to, as he says, in *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 8 (1979), the Supreme Court did not hold in that case, nor has it ever held, that the Constitution requires rehabilitation of prisoners.

Petitioner also claims that denying parole based on the circumstances of the offense – facts that can never be changed – violates due process. He cites *Biggs v. Terhune*, 334 F.3d 910 (9th Cir. 2003). *Biggs* contains a reference in dictum to the possibility that "[a] continued reliance in the future on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, [would] run[] contrary to the rehabilitation goals espoused by the prison system and could result in a due process violation." *Id.* at 916-17. However, in *Hayward*, the Ninth Circuit overruled *Biggs* and two other cases "to the extent they might be read to imply that there is a federal constitutional right regardless of whether state law entitles the prisoner to release . . . ." *Hayward*, 603 F.3d at 556. Furthermore, there is no United States Supreme Court authority holding that the circumstances of an offense cannot be the basis for denying parole, so even if this part of *Biggs* had not been overruled, a "*Biggs* claim" could not be the basis for relief here.

4

Petitioner contends that parole cannot be denied on the basis of behavior prior to incarceration, because it was taken into account in sentencing. This simply does not follow; when the question is whether paroling an inmate would endanger society, even pre-incarceration facts might be relevant. Finally, Petitioner contends that denying parole based, in part, on uncharged conduct violates a state statute saying that the parole board may not require a potential parolee to admit the crime of which he was convicted. *See* Cal. Penal Code § 5011(b). This is a state law claim and cannot be the basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law).

### B.  Policy of Not Paroling at First Hearing

Petitioner contends that the Board has a policy of not granting parole at an inmate's first parole hearing. He has failed to provide any admissible evidence of such a policy, instead relying on hearsay statements from a counselor and former Board staff. Petitioner thus has failed to establish the predicate of his claim – that the Board has such a policy – and in any event, there is no Supreme Court authority that would even suggest that such a policy would be unconstitutional. This claim is without merit.

### C.  District Attorney

The San Mateo District Attorney opposed parole for Petitioner. He contends that this was a "conflict of interest" in that he claims to have assisted the District Attorney in an unsuccessful attempt to prosecute another crime. Presumably by this he means that the District Attorney is opposing parole out of a desire for revenge for the failure of the prosecution in which Petitioner cooperated. There simply is no federal constitutional right implicated by this claim. It is without merit.

### IV.  Appealability

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability in the ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *See id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This was not a close case. For the reasons set out above, jurists of reason would not find the result debatable or wrong. A certificate of appealability will be denied. Petitioner is advised that he may not appeal the denial of a COA, but he may ask the Court of Appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure. *See* Rule 11(a), Rules Governing § 2254 Cases.

## CONCLUSION

The petition for a writ of habeas corpus is DENIED. The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: September 28, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

6

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LA MERLE RONNIE JOHNSON,

        Plaintiff,

  v.

ROSANNE CAMPBELL et al,

        Defendant.

Case Number: CV07-02921 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 28, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

La Merle Ronnie Johnson
MCSP (C14-245L)
J-92682
P.O. 409060
Ione, CA 95640-9060

Dated: September 28, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk